

FILED

AUG 1 1 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                                    )        Case No. 15-28574-A-13J
                                         )
JOHN DYNOWSKI,                           )
                                         )
            Debtor.                      )
                                         )
_____  )

**MEMORANDUM**

Leslie Richards, the debtor's attorney, filed this case without being a member of the bar of the District Court of the Eastern District of California, and then failed to appear in its proper prosecution.  Sanctions are warranted.

I

This matter originally came before the court as a motion by the chapter 13 trustee (Docket Control No. JPJ-1) seeking to compel attorney Leslie Richards to appear at the meeting of creditors.  This request was made because Ms. Richards failed to appear on December 22, 2015 at the initial meeting.  Although the debtor, John Dynowski, appeared at that meeting, Ms. Richards' absence required the trustee to continue the meeting to January 21, 2016.

In connection with the January 4 hearing on the trustee's motion, the court noted two additional problems: Ms. Richards filed this case even though she was not admitted to the bar of the Eastern District of California, and she had not filed the fee

disclosure required by Fed. R. Bankr. P. 2016 and 11 U.S.C. § 329.

Despite continuing the hearing on the trustee's motion to January 19 to give Ms. Richards an opportunity to address these issues, Ms. Richards failed to appear.

While the court dismissed this bankruptcy case on January 19 at the request of the debtor, it reserved jurisdiction over the issues of Ms. Richards' compensation and the appropriateness of sanctions for her failure to represent her client and appear in the proper prosecution of this case.  See Docket 30.

To that end, the court issued an Order to Show Cause directing Ms. Richards to appear in person at a hearing on February 29, 2016, to determine whether she should be sanctioned for:

a.    Failing to appear at the meeting of creditors on December 22, 2015;

b.    Filing this case even though she was not admitted to the bar of the Eastern District of California; and

c.    Failing to file the fee disclosure required by Fed. R. Bankr. P. 2016 and 11 U.S.C. § 329(a).

In addition to considering sanctions for the foregoing conduct, the court intended to consider whether the compensation paid to Ms. Richards for services rendered or to be rendered in contemplation of or in connection with the bankruptcy case was reasonable.

II

Ms. Richards responded to the Order to Show Cause by admitting she was not a member of the bar of the Eastern District

2

of California when this case was filed.  Her excuse is that she "did not realize [she] had to be admitted to the Eastern District nor was the issue previously brought up. . . ."

Ms. Richards also maintained she was unable to appear at the meeting of creditors because of recent knee surgery. Acknowledging she nonetheless had an obligation to represent the debtor at the meeting, Ms. Richards states that she failed to arrange for substitute counsel because her law clerk neglected to calendar the meeting.

Finally, Ms. Richards admitted that she did not file a fee disclosure in this case.  However, she believes no disclosure was required because she charged no fee for Mr. Dynowski's representation.

III

In the course of examining the record in this case, the court determined from a search of its electronic case files that Ms. Richards was the attorney of record for debtors in fourteen cases in this district commenced over a 5-year period, from January 18, 2011 through January 21, 2016.

These cases show a remarkably consistent pattern of abuse – failing to file fee disclosures, failing to file required documents, and failing to attend meetings of creditors.  The court concludes from the record in the case now before it, as well as these prior cases, that Ms. Richards is aiding debtors in an abuse of the bankruptcy process that is calculated to hinder, delay, and defraud lenders in their efforts to foreclose and/or repossess their real property collateral.

This table summarizes the cases filed by Ms. Richards.

| Case No./ Debtor | Chap. | 2016(b) filed/ amount paid | Disposition | Foreclosure/ Eviction? | First meeting attended? |
|---|---|---|---|---|---|
| 16-10139 Hyatt | 13 | yes - $2500 | filed 1/21/16 dismissed 2/19/16 before meeting | Dkt. #41. Case filed 1 day before answer due in unlawful detainer | NA |
| 15-14857 Starr | 13 | yes - $750 | filed 12/20/15 dismissed 4/8/16 | Dkt #52. Home in foreclosure | Counsel and debtor failed to appear |
| 16-10088 Starr | 7 | no | filed 11/19/15 dismissed 3/3/16 before meeting | Dkt #40. Debtor asks for dismissal because he has "discovered a mortgage modification program" | NA |
| 16-20084 Tracy | 7 | no | filed 11/18/15 dismissed 2/23/16 | Dkt #17. Home in foreclosure | Counsel and debtor failed to appear |
| 15-28574 Dynowksi | 13 | no | filed 11/3/15 voluntarily dismissed 6/20/16 | Dkt #47.Case filed 1 day before hearing on summary judgment motion in unlawful detainer | Debtor appeared but counsel did not |
| 15-22785 Tracy | 7 | no | filed 4/6/15 dismissed 4/24/15 before meeting | See Case No 16-20084 | NA |
| 15-21755[1] Dynowski | 7 | yes - $1000 | filed 3/5/15 discharge 7/20/15 | See Case Nos. 15-28574 & 14-31822 | Counsel and debtor appeared |

[1]     A comparison of the three petitions filed by Debtor Dynowski shows his signature on two petitions, Case Nos. 14-31822 and 15-28574, is a "wet ink" signature, but the petition in Case No. 15-21755 is signed "/s/ John A Dynowski". This court's local rules permit either form of signature. <u>See</u> Local Bankruptcy Rule 9004-1(c)(1)(B). However, when the latter form is used, Local Bankruptcy Rule 9004-1(c)(1)(D), provides:

> "When "/s/ Name" . . . is used in an electronically filed document to indicate the required signature(s) of persons other than that of the registered user, the registered user shall retain the originally signed document in paper form for no less than three (3) years following the closing of the case. On request of the Court, U.S. Trustee, U.S. Attorney, or other party, the registered user shall produce the originally signed document(s) for review. The failure to do so may result in the imposition of sanctions on the Court's own motion, or upon motion of the case trustee, U.S. Trustee, U.S. Attorney, or other party."

At the hearing on the order to show cause both Ms. Richards and Mr. Dynowski admitted he never signed the petition in Case No. 15-21755. Ms. Richards does not have a copy of the petition with Mr. Dynowski's wet ink signature.

| | | | | | |
|---|---|---|---|---|---|
| 14-31822 Dynowski | 7 | no | filed 12/4/15 dismissed 12/15/14 before meeting | Dkt #35. Case filed 6 minutes before home foreclosure | NA |
| 13-31031 Rodriguez | 7 | no | filed 8/22/13 dismissed 9/3/13 before meeting | | NA |
| 13-30462 Manzo | 7 | no | filed 8/8/13 dismissed 8/19/13 before meeting | | NA |
| 13-15329 Gutierrez | 11 | no + incomplete employment application | filed 8/5/13 dismissed 10/3/13 on UST motion before meeting | Dkt #24. Creditor attempting to foreclose on rental properties. | NA |
| 11-90725 Pinheiro | 7 | yes - $1000 | filed 2/28/11 discharge 6/6/11 | Dkt #19. Foreclosing creditor attempting to enforce writ of possession | Counsel and debtor appeared |
| 11-24004 Ascencion | 13 | no | filed 2/27/11 dismissed 3/8/11 before meeting | See next case. | NA |
| 11-21249 Ascencion | 7 | yes - $1200 | filed 1/18/11 dismissed 2/8/11 before meeting | Dkt #1. Schedules list under-secured home mortgage. No foreclosure or eviction noted on docket. | NA |

A review of the dockets of these cases shows the following:

- Over a 5-year period, Ms. Richards filed twelve bankruptcy cases in the Eastern District of California.  Two more cases, Case Nos. 16-10088 and 16-20084, were filed in the Central District of California on November 18 and 19, 2015 and then transferred to the Eastern District at the debtors' requests.  All fourteen cases were filed for individual consumer debtors.  Nine of these cases were filed under chapter 7, four under chapter 13, and one under chapter 11.

- In only 2 of the 14 cases, both chapter 7 cases, did the debtor receive a discharge.  One case was voluntarily dismissed.  Eleven cases were dismissed because the debtors failed to file required statements, schedules, or a proposed plan, or failed to appear at the meeting of creditors.

- In none of the reorganization cases, whether under chapter 11 or 13, did the debtor confirm, much less complete, a plan.

- In 9 of the 14 cases, Ms. Richards failed to file the fee disclosure required by 11 U.S.C. § 329(a) and  Fed. R. Bankr. P. 2016(b).

- In the five cases where disclosures were filed, Ms. Richards received fees of $2,500, $750, $1,000, $1,000 and $1,200 before the cases were filed.  Two of these five cases were dismissed before the meeting of creditors, one was dismissed because Ms. Richards and her client failed to appear at the meeting of creditors, and in two cases the debtors received chapter 7 discharges.

- 11 of the 12 cases filed in the Eastern District (this excludes the two cases filed in the Central District and then transferred to the Eastern District) were filed by Ms. Richards even though she was not a member of the bar of the Eastern District of California.  She became a member on January 14, 2016, after this court noted in a ruling on a motion in Case No. 15-28574 that Ms. Richards was not a member of its bar.

- 9 of the 14 cases were dismissed before the first meeting of creditors could be conducted.  Of the 5 cases not dismissed prior to the meeting, Ms. Richards failed to appear at the meeting in 3 cases.

- 10 of the 14 cases were filed to delay a home foreclosure or a post-foreclosure unlawful

7

detainer action.[1]  This is evident from motions or objections filed by the foreclosing creditor as well as admissions in documents filed by the debtors.  The dockets of the other four cases give no clue as to whether those debtors were attempting to delay foreclosures or unlawful detainer actions.  Each of these four cases (Case Nos. 13-31031, 13-30462, 11-24004, and 11-21249) was dismissed soon after filing because the debtor failed to file required lists, statements, or schedules.  Possibly because these cases were dismissed soon after filing, nothing was filed, either by the debtor, a creditor, or the trustee, indicating that the debtor's home had been foreclosed or was in foreclosure.

- • Ms. Richards filed more than one bankruptcy case for four different debtors: she filed two cases for debtor Starr, two for debtor Tracy, three for debtor Dynowski, and two for debtor Ascencion.[2]

Not on the chart are three cases filed by Ms. Richards on behalf of Debtors Hyatt, Rodriquez, and Gutierrez in other districts.

---

[1]    But see footnote 2 below.

[2]    As discussed below, if cases filed in other districts are included, Ms. Richards has filed multiple cases for seven different debtors.

1  Ms. Richards filed Case No. 13-14248, a chapter 7 petition,

2  for Debtor Gutierrez in the Central District of California on

3  June 25, 2013.  The case was dismissed on July 26, 2013 because

4  the debtor failed to file all mandatory lists, schedules and

5  statements.  This dismissal was followed by the filing of a

6  second case, this time under chapter 11, in the Eastern District

7  on August 5, 2013.  The chapter 11 case was dismissed on October

8  3, 2013 on the motion of the United States Trustee.  The debtor

9  failed to schedule all real property assets, file monthly

10  operating reports, provide proof of insurance, and provide copies

11  of financial records to the United States Trustee.

12  Ms. Richards filed Case No. 15-13055 on behalf of Debtor

13  Hyatt in the Central District of California on September 14,

14  2015.  That case was dismissed just nine days later when the

15  debtor failed to file a statement of social security number and a

16  master address list.  A second case, Case No. 16-10139, was filed

17  for Debtor Hyatt in the Eastern District on January 21, 2016.  It

18  was dismissed on February 19 when the debtor failed to propose a

19  chapter 13 plan.

20  Debtor Rodriguez filed a chapter 13 petition, Case No. 13-

21  45399, on September 25, 2013 in the Northern District of

22  California with the assistance of Ms. Richards.  The case was

23  dismissed due to the debtor's failure to file all lists,

24  schedules, and statements.  The Northern District case was less

25  than three weeks after Case No. 13-31031 filed in the Eastern

26  District was dismissed because the debtor had failed to file all

27

28

9

lists, schedules, and statements.[3]

IV

Ms. Richards explanation of, and justifications for, her conduct in this case, particularly when evaluated in light of the other cases she filed in this district, do not hold water.

### A.    Admission to the Bar of the Eastern District

Ms. Richards maintains that she did not know she was required to be admitted to the bar of this court before practicing in it.    Further, she maintains that no one told her she was required to be a member of the court's bar.

It is difficult to believe that any attorney is unaware of the necessity of being admitted to the bar of a court in which they intend to practice.    Nor does the court believe that this requirement was never brought to Ms. Richards' attention.

Ms. Richards filed documents in this case electronically. In order to be authorized to file electronically, she had to

_____

[3]    Interestingly, document #14 on the docket of the Northern District case, a motion to vacate the dismissal, admits that the case was filed to halt a foreclosure of the debtor's home on September 26, 2013, the day after the case was filed. The chart above indicates that there is nothing on the docket of Eastern District Case No. 13-31031 indicating that the debtor was attempting to halt a foreclosure or eviction.    With the admission made in the Northern District case, this means that 11 of the 14 cases in the Eastern District were filed to stop foreclosures or evictions.

It also is interesting that the motion to vacate the dismissal of the Northern District case indicates that documents were not filed timely because a paralegal in Ms. Richards' office had failed to calendar the filing deadline.    This is reminiscent of the excuse offered in the case now before the court for the failure to appear at the meeting of creditors.

register with the clerk of this court.  The registration process is done over the Internet.  Attached to this Memorandum is Ms. Richards' registration form received by the clerk on December 15, 2010.

Section 1 of Ms. Richards' registration form advises that an attorney must be a member of the bar of this court in order to file documents electronically.  In section 2, "Eligibility", Ms. Richards represented to the clerk that she was "an attorney admitted to the bar of the U.S. District Court for the Eastern District of California and currently [is] in good standing."

The registration form makes clear that in order to file documents electronically, an attorney must be a member of this court's bar, or admitted to it *pro hac vice*, or be exempt from admission.  Hence, even if it somehow escaped Ms. Richards' notice over 35 years of practicing law that admission to the bar of a federal court was necessary before filing a case in it, the registration process clearly informed her of the requirement.

Ms. Richards misrepresented in 2010 that she was a member of this court's bar.  This was untrue when she registered, it was untrue when this case was filed, and it was untrue when she filed twelve other cases over a five year period.  Ms. Richards was not admitted to this court's bar until January 14, 2016.


                 B.    Failure to Appear at the Meeting of Creditors

Ms. Richards does not deny that she failed to appear at the meeting of creditors.  She claims she was medically unable to appear.  But, if Ms. Richards' evidence is to be believed, this is not the reason for her nonappearance.  She did not appear

because her law clerk failed to calendar the meeting.

The court believes none of this.  Neither Ms. Richards nor anyone in her stead ever intended to appear at the meeting because the debtor never intended to prosecute this case, his third in the space of eleven months.  This case was intended only to delay and harass a lender who had foreclosed on the debtor's home.[4]  The debtor's first case was filed to stop the lender's nonjudicial foreclosure and his third case was filed to halt an adverse result in its unlawful detainer action.

This is corroborated by the other cases filed by Ms. Richards in this court.

    - Most were not prosecuted and most were filed on behalf of debtors hoping to derail foreclosures and/or evictions.

    - Ten of fourteen cases were dismissed prior to the meeting of creditors because schedules, statements, lists and/or a plan were not filed.

    - Two more of the fourteen cases were dismissed after the meeting because the debtor and counsel failed to appear at it.

    - Ms. Richards or another attorney in her place appeared at the meeting of creditors in only two cases out of fourteen.

    - Perhaps most telling is that the fact that no reorganization case filed by Ms. Richards in this court over the last five years has resulted in the confirmation of a

---

[4]    The court previously authored a lengthy written ruling detailing the debtor's bad faith filing of cases in this court to hinder and delay Pennymac Holdings' nonjudicial foreclosure of his home and his later eviction.  <u>See</u> Case No. 14-31822, Docket #57.

1    plan.

2    Of course, there is nothing wrong with filing a bankruptcy
3    case that halts a foreclosure or an eviction.  This rises to
4    contumacious conduct when the case is used to hinder, delay, or
5    defraud creditors and without any genuine intent and effort to
6    obtain a discharge and/or reorganize debt.

7    That is exactly what the debtor was doing in his first and
8    third cases filed with Ms. Richards' help.  These cases were
9    filed on the eve of a foreclosure or an eviction and then the
10   debtor failed to properly prosecute the cases by filing required
11   documents and appearing at the meeting of creditors.  The debtor
12   was hoping to delay his home lender as long as possible by
13   acquiring the automatic stay of 11 U.S.C. § 362(a) without
14   prosecuting the bankruptcy case.

15   And, as the chart above corroborates, Ms. Richards is all
16   too familiar with this tactic.

17

18              C.    Failure to Disclose Fees

19   Ms. Richards did not file the fee disclosure required by
20   section 329(a) and Rule 2016(b) because she was paid nothing by
21   the debtor for work in connection with this case.  Assuming this
22   is true, Ms. Richards nonetheless was required to file a
23   disclosure indicating nothing was paid to her.

24   Section 329(a) and Rule 2016(b) require every debtor's
25   attorney to file a statement of the compensation paid and to be
26   paid for services rendered in connection with the bankruptcy
27   case.  This disclosure must be made with reference to
28   compensation paid or agreed to be paid within the year prior to

the filing of the bankruptcy case or after it is filed. Disclosure is mandatory and it must continue throughout the case. See Turner v. Davis, etc. (In re Investment Bankers, Inc.), 4 F.3d 1556 (10th Cir. 1993).

This disclosure permits the court to scrutinize compensation paid to a debtor's attorney even in the absence of an objection to it. The court is charged with insuring that compensation is reasonable. See 11 U.S.C. § 329(b).

If an attorney enters into an agreement to file a bankruptcy case for no compensation, such must be disclosed. The absence of a disclosure would only create an ambiguity – did counsel get paid but fail to make the disclosure, or was counsel representing the debtor without charge? There would be no way to determine what the attorney and the debtor had agreed to without issuing an order and requiring the parties to appear and explain themselves.

Ms. Richards is in business. She practices law as a business. She does not operate a pro bono legal clinic.

The court does not believe Ms. Richards was paid nothing for her services in this case. Ms. Richards represented the debtor in a state court unlawful detainer action. Before that action was filed, she represented him outside of the bankruptcy court in connection with a nonjudicial foreclosure. She was paid a fee for these services. In fact, the debtor and his partner gave Ms. Richards a debit card linked to one of their accounts so she could draw money for her fees.

In the effort to stop the foreclosure and the subsequent eviction, Ms. Richards filed three bankruptcy cases for the debtor, including the one now before the court. Given the

14

failure to propose a plan, the failure to file schedules and statements, and the failure of an attorney to appear the meeting of creditors, it is a reasonable surmise that this case was filed just to acquire the automatic stay in order to prolong and delay the unlawful detainer action. Ms. Richards and her client never intended to prosecute this case to its conclusion.

This conclusion is buttressed by the chart above which shows Ms. Richards' repeated misuse of the automatic stay over the last five years. Whatever this debtor (and the other debtors) paid Ms. Richards, and however it was nominally accounted for by her, it was paid in contemplation of a bankruptcy petition filed to derail or delay a foreclosure and eviction. When paying Ms. Richards for her services, it was within the fair contemplation of the parties that a bankruptcy case could be filed. <u>See e.g.</u>, <u>In re Gage</u>, 394 B.R. 184, 194 (Bankr. N.D. Ill. 2008). Therefore, full disclosure of that compensation should have been made to this court by Ms. Richards.

Finally, the fact that Ms. Richards ostensibly charged nothing for this bankruptcy case (and eight other cases filed over the last five years in this district) is corroboration for the lack of good faith in filing it. She had no intention of filing schedules, statements, or a plan, appearing at the meeting, or otherwise prosecuting the case. It was filed purely to harass the foreclosing creditor and to delay an eviction.

V

Based on the foregoing, the court concludes that clear and convincing evidence establishes Ms. Richards' bad faith and

willful misconduct as follows:

1.   Ms. Richards filed this case, and eleven others, without being a member of the bar of this court.  In addition, she appeared in two cases filed in other districts and then transferred them to this district.  When this case was filed, Ms. Richards knew she was not a member of this court's bar and had misrepresented that she was a member of it.

2.   Ms. Richards failed to file a fee disclosure as required by section 329(a) and Rule 2016(b).

3.   This case (and others) was filed without any intention of prosecuting it to conclusion.  It was filed solely to acquire the automatic stay in order to hinder and delay a foreclosure and an eviction.

Therefore, sanctions are appropriate.  See Chambers v. NASCO, Inc., 501 U.S. 32, 42-47 (1991); Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284 (9th Cir. 1996); Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1196-1197 (9th Cir. 2003).  Within 14 days of service of an order, Ms. Richards shall file in this case the disclosure required by section 329(a) and Rule 2016(b) to which she shall append any and all written fee agreements with the debtor, and she shall pay sanctions of $1,000 for filing this case without being a member of the court's bar and for misrepresenting that she was a member of it.

Further, Ms. Richards shall show cause pursuant to Fed. R. Bankr. P. 9011(c)(1)(B) why she should not be further sanctioned for filing this case for the improper purpose of harassing or causing unnecessary delay or needless increase in the cost of

16

litigation for the debtor's foreclosing home lender, Pennymac
Loan Services.   See Fed. R. Bankr. P. 9011(b)(1).   A further
hearing will be held on the appropriateness of Rule 9011
sanctions on Monday, September 26, 2016 at 1:30 p.m., in
courtroom 28, located at 501 I Street, seventh floor, Sacramento,
California.   Any written response shall be filed and served on
the debtor, the debtor's current attorney of record, the United
States Trustee, the attorneys for Pennymac Loan Services, and the
chapter 13 trustee no later than September 12.

Dated: *11, Aug 2016*

By the Court

Michael S. McManus, Judge
United States Bankruptcy Court

17



United States Bankruptcy Court
Eastern District of California

eFiling Application Inbox

Inbox(Inbox.aspx)     CM Login Request Report(http://www.caeb.circ9.dcn/Reports/CMLoginRequest.aspx)

## New Filer Application

| section 1 | section 2 | section 3 | section 4 - approve/deny | notes | correspondence log |

Electronic Filing System Registration Form and User Agreement - Section 1

### Filer Information

| | |
|---|---|
| First Name | Leslie |
| Middle Name | |
| Last Name | Richards |
| Last 4 Digits of Social Security Number | 4106 |
| Phone Number | 310-382-6800    (999-999-9999 format) |
| Licensing State (if applicable) | CA |
| State Bar ID# (if applicable) | 094672 |
| Filer Type | ATTORNEY |

Attorney must be admitted to practice in the Eastern District of California. If not, select another Filer Type.

### Firm/Business Information

| | |
|---|---|
| Firm/Business Name | Law Offices of Leslie Richrds, |
| Address 1 | 15205 Burbank Blvd. #A |
| Address 2 | |
| City | Sherman Oaks |
| State | CA |
| Zip | 91411 |



United States Bankruptcy Court
Eastern District of California

## eFiling Application Inbox

Inbox(Inbox.aspx)    CM Login Request Report(http://www.caeb.circ9.dcn/Reports/CMLoginRequest.aspx)

## New Filer Application

| section 1 | section 2 | section 3 | section 4 - approve/deny | notes | correspondence log |

Electronic Filing System Registration Form and User Agreement - Section 2

| Eligibility |
| --- |

☑An attorney admitted to the bar of the U.S. District Court for the Eastern District of California and currently in good standing.

☐An attorney admitted to practice pro hac vice before the U.S. District Court for the Eastern District of California in the following
bankruptcy case(s) and/or proceedings: [                    ] (YYYY-55555 format)

☐An attorney exempt from admission to the bar of the U.S. Bankruptcy Court for the Eastern District of California. Basis for exemption:
[                ]

United States Bankruptcy Court
Eastern District of California

## eFiling Application Inbox

Inbox(Inbox.aspx)     CM Login Request Report(http://www.caeb.circ9.dcn/Reports/CMLoginRequest.aspx)

# New Filer Application

| section 1 | section 2 | section 3 | section 4 - approve/deny | notes | correspondence log |

Electronic Filing System Registration Form and User Agreement - Section 3

---

**Training Requirement**

The person named below has taken the electronic training module provided by the court.

Name
Title/Position
Training Date

---

 United States Bankruptcy Court
Eastern District of California

### eFiling Application Inbox

Inbox(Inbox.aspx)    CM Login Request Report(http://www.caeb.circ9.dcn/Reports/CMLoginRequest.aspx)

## New Filer Application

| section 1 | section 2 | section 3 | section 4 - approve/deny | notes | correspondence log |

### Electronic Filing System Registration Form and User Agreement - Section 4

---

#### Notice of Electronic Filing Preference

I request the court send me:

○ A separate Notice of Electronic Filing for each electronically filed document.

◉ A single, daily message containing the Notices of Electronic Filing for the electronically filed documents available on the internet that day.

---

#### email Address(es) for Court Notices of Electronic Filing

**Primary Email** – A Primary email address will be visible on the public docket and used by the Court to send Notice of Electronic Filing emails. You must designate only one Primary email address.

**eService Email** – Pursuant to Local Bankruptcy Rule 7005-1 (http://www.caeb.uscourts.gov/documents/Forms/LocalRules/12.Local_Rules.pdf), you have the option of consenting to electronic service by providing an eService email address. If you do not designate an eService email address you are opting out of electronic service. An eService email address will not be visible on the public docket or used by the Court to send Notice of Electronic Filing emails unless your eService email address is the same as your Primary email address.

**Secondary Email** – Secondary email addresses are other email addresses not designated as Primary or eService. Secondary email addresses will not appear on the public docket and will be used for Notice of Electronic Filing emails sent by the Court.

| | |
|---|---|
| **Primary email Address** | ladylaw@leslierichards.com |
| **Confirm Primary email Address** | |

You may specify two additional email addresses to which the court should send Notices of Electronic Filing.

| | |
|---|---|
| **Additional email Address** | tawaina_wiggins@leslierichards |
| **Additional email Address** | tawaina_wiggins@leslierichards |

---

#### Opt-In/Opt-Out of Service by Electronic Means (see Local Bankruptcy Rule 7005-1)

◉ I consent to receive service by electronic means. Please add my name and the email address entered below to the roster of users consenting to service by electronic means.

  **Email Address**    ladylaw@leslierichards.com

○ I opt-out of receiving service by electronic means. Please add my name to the roster of users opting out of service by electronic means.

---

#### AO Code

| | |
|---|---|
| AO CODE | **6927** |

1

**CERTIFICATE OF MAILING**

2      I, Susan C. Cox, in the performance of my duties as a

3   judicial assistant to the Honorable Michael S. McManus, mailed by

4   ordinary mail to each of the parties named below a true copy of

5   the attached document.

6   John A Dynowski
    7445 Morningside Way
7   Citrus Heights CA 95621

8   Jan P. Johnson
    PO Box 1708
9   Sacramento CA 95812

10  Office of the U.S. Trustee
    Robert T Matsui United States Courthouse
11  501 I Street, Room 7-500
    Sacramento CA 95814
12
    PennyMac Loan Services, LLC
13  c/o Aldridge Connors LLP
    15 Piedmont Center
14  3575 Piedmont Rd, N.E., #500
    Atlanta GA 30305
15
    Leslie Richards
16  17337 Ventura Blvd Suite 211
    Encino CA 91316
17

18  Dated: August //, 2016

19
                                    _Susan C. Cox_____
20                                  Susan C. Cox
                                    Judicial Assistant to Judge McManus
21

22

23

24

25

26

27

28