UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                          )          Case No. 15-28574-A-13J
                               )
JOHN DYNOWSKI,                 )
                               )          Date: October 31, 2016
           Debtor.            )          Time: 1:30 p.m.
                               )
_____)

**MEMORANDUM**

Leslie Richards, the debtor's attorney, filed this case without being a member of the bar of the District Court of the Eastern District of California, and then failed to appear in its proper prosecution.  Sanctions are warranted.

I

This matter originally came before the court as a motion by the chapter 13 trustee (Docket Control No. JPJ-1) seeking to compel attorney Leslie Richards to appear at the meeting of creditors.  This request was made because Ms. Richards failed to appear on December 22, 2015 at the initial meeting.  Although the debtor, John Dynowski, appeared at that meeting, Ms. Richards' absence required the trustee to continue the meeting to January 21, 2016.

In connection with the January 4 hearing on the trustee's motion, the court noted two additional problems: Ms. Richards filed this case even though she was not admitted to the bar of the Eastern District of California, and she had not filed the fee

disclosure required by Fed. R. Bankr. P. 2016 and 11 U.S.C. § 329.

Despite continuing the hearing on the trustee's motion to January 19 to give Ms. Richards an opportunity to address these issues, Ms. Richards failed to appear.

While the court dismissed this bankruptcy case on January 19 at the request of the debtor, it reserved jurisdiction over the issues of Ms. Richards' compensation and the appropriateness of sanctions for her failure to represent her client and appear in the proper prosecution of this case. See Docket 30.

To that end, the court issued an Order to Show Cause on January 28, 2016 (see Docket 34) directing Ms. Richards to appear in person at a hearing on February 29 to determine whether she should be sanctioned for:

a.    Failing to appear at the meeting of creditors on December 22, 2015;

b.    Filing this case even though she was not admitted to the bar of the Eastern District of California; and

c.    Failing to file the fee disclosure required by Fed. R. Bankr. P. 2016 and 11 U.S.C. § 329(a).

II

Ms. Richards responded to the Order to Show Cause by admitting she was not a member of the bar of the Eastern District of California when this case was filed. Her excuse is that she "did not realize [she] had to be admitted to the Eastern District nor was the issue previously brought up. . . ."

Ms. Richards also maintained she was unable to appear at the

meeting of creditors because of recent knee surgery.
Acknowledging she nonetheless had an obligation to represent the
debtor at the meeting, Ms. Richards states that she failed to
arrange for substitute counsel because her law clerk neglected to
calendar the meeting.

Finally, Ms. Richards admitted that she did not file a fee
disclosure in this case.  However, she believes no disclosure was
required because she charged no fee for Mr. Dynowski's
representation.


III

In the course of considering Ms. Richards' response to the
August 11 Order to Show Cause, the court determined from a search
of its electronic case files that Ms. Richards was the attorney
of record for debtors in fourteen cases in this district
commenced over a 5-year period, from January 18, 2011 through
January 21, 2016.

These cases show a remarkably consistent pattern of abuse –
failing to file fee disclosures, failing to file required
documents, and failing to attend meetings of creditors.  The
court concludes from the record in the case now before it, as
well as these prior cases, that Ms. Richards is aiding debtors in
an abuse of the bankruptcy process that is calculated to hinder,
delay, and defraud lenders in their efforts to foreclose and/or
repossess their real property collateral.

This table summarizes the cases filed by Ms. Richards.

| Case No./ Debtor | Chap. | 2016(b) filed/ amount paid | Disposition | Foreclosure/ Eviction? | First meeting attended? |
|---|---|---|---|---|---|
| 16-10139 Hyatt | 13 | yes - $2500 | filed 1/21/16 dismissed 2/19/16 before meeting | Dkt. #41.  Case filed 1 day before answer due in unlawful detainer | NA |
| 15-14857 Starr | 13 | yes - $750 | filed 12/20/15 dismissed 4/8/16 | Dkt #52. Home in foreclosure | Counsel and debtor failed to appear |
| 16-10088 Starr | 7 | no | filed 11/19/15 dismissed 3/3/16 before meeting | Dkt #40. Debtor asks for dismissal because he has "discovered a mortgage modification program" | NA |
| 16-20084 Tracy | 7 | no | filed 11/18/15 dismissed 2/23/16 | Dkt #17. Home in foreclosure | Counsel and debtor failed to appear |
| 15-28574 Dynowksi | 13 | no | filed 11/3/15 voluntarily dismissed 6/20/16 | Dkt #47.Case filed 1 day before hearing on summary judgment motion in unlawful detainer | Debtor appeared but counsel did not |
| 15-22785 Tracy | 7 | no | filed 4/6/15 dismissed 4/24/16 before meeting | See Case No 16-20084 | NA |
| 15-21755[1] Dynowski | 7 | yes - $1000 | filed 3/5/15 discharge 7/20/15 | See Case Nos. 15-28574 & 14-31822 | Counsel and debtor appeared |

[1]     A comparison of the three petitions filed by Debtor Dynowski shows his signature on two petitions, Case Nos. 14-31822 and 15-28574, is a "wet ink" signature, but the petition in Case No. 15-21755 is signed "/s/ John A Dynowski".  This court's local rules permit either form of signature.  See Local Bankruptcy Rule 9004-1(c)(1)(B).  However, when the latter form is used, Local Bankruptcy Rule 9004-1(c)(1)(D), provides:
"When "/s/ Name" . . . is used in an electronically filed document to indicate the required signature(s) of persons other than that of the registered user, the registered user shall retain the originally signed document in paper form for no less than three (3) years following the closing of the case. On request of the Court, U.S. Trustee, U.S. Attorney, or other party, the registered user shall produce the originally signed document(s) for review. The failure to do so may result in the imposition of sanctions on the Court's own motion, or upon motion of the case trustee, U.S. Trustee, U.S. Attorney, or other party."
At the hearing on the order to show cause both Ms. Richards and Mr. Dynowski admitted he never signed the petition in Case No. 15-21755.  Ms. Richards does not have a copy of the petition with Mr. Dynowski's wet ink signature.

| | | | | | |
|---|---|---|---|---|---|
| 14-31822 Dynowski | 7 | no | filed 12/4/15 dismissed 12/15/14 before meeting | Dkt #35. Case filed 6 minutes before home foreclosure | NA |
| 13-31031 Rodriguez | 7 | no | filed 8/22/13 dismissed 9/3/13 before meeting | | NA |
| 13-30462 Manzo | 7 | no | filed 8/8/13 dismissed 8/19/13 before meeting | | NA |
| 13-15329 Gutierrez | 11 | no + incomplete employment application | filed 8/5/13 dismissed 10/3/13 on UST motion before meeting | Dkt #24. Creditor attempting to foreclose on rental properties. | NA |
| 11-90725 Pinheiro | 7 | yes - $1000 | filed 2/28/11 discharge 6/6/11 | Dkt #19. Foreclosing creditor attempting to enforce writ of possession | Counsel and debtor appeared |
| 11-24004 Ascencion | 13 | no | filed 2/27/11 dismissed 3/8/11 before meeting | See next case. | NA |
| 11-21249 Ascencion | 7 | yes - $1200 | filed 1/18/11 dismissed 2/8/11 before meeting | Dkt #1. Schedules list under-secured home mortgage. No foreclosure or eviction noted on docket. | NA |

A review of the dockets of these cases shows the following:

- Over a 5-year period, Ms. Richards filed twelve bankruptcy cases in the Eastern District of California.  Two more cases, Case Nos. 16-10088 and 16-20084, were filed in the Central District of California on November 18 and 19, 2015 and then transferred to the Eastern District at the debtors' requests.  All fourteen cases were filed for individual consumer debtors.  Nine of these cases were filed under chapter 7, four under chapter 13, and one under chapter 11.

- In only 2 of the 14 cases, both chapter 7 cases, did the debtor receive a discharge.  One case was voluntarily dismissed.  Eleven cases were dismissed because the debtors failed to file required statements, schedules, or a proposed plan, or failed to appear at the meeting of creditors.

- In none of the reorganization cases, whether under chapter 11 or 13, did the debtor confirm, much less complete, a plan.

- In 9 of the 14 cases, Ms. Richards failed to file the fee disclosure required by 11 U.S.C. § 329(a) and  Fed. R. Bankr. P. 2016(b).

- In the five cases where disclosures were filed, Ms. Richards received fees of $2,500, $750, $1,000, $1,000 and $1,200 before the cases were filed.  Two of these five cases were dismissed before the meeting of creditors, one was dismissed because Ms. Richards and her client failed to appear at the meeting of creditors, and in two cases the debtors received chapter 7 discharges.

- 11 of the 12 cases filed in the Eastern District (this excludes the two cases filed in the Central District and then transferred to the Eastern District) were filed by Ms. Richards even though she was not a member of the bar of the Eastern District of California.  She became a member on January 14, 2016, after this court noted in a ruling on a motion in Case No. 15-28574 that Ms. Richards was not a member of its bar.

- 9 of the 14 cases were dismissed before the first meeting of creditors could be conducted.  Of the 5 cases not dismissed prior to the meeting, Ms. Richards failed to appear at the meeting in 3 cases.

- 10 of the 14 cases were filed to delay a home foreclosure or a post-foreclosure unlawful

detainer action.[2]  This is evident from motions or objections filed by the foreclosing creditor as well as admissions in documents filed by the debtors.  The dockets of the other four cases give no clue as to whether those debtors were attempting to delay foreclosures or unlawful detainer actions.  Each of these four cases (Case Nos. 13-31031, 13-30462, 11-24004, and 11-21249) was dismissed soon after filing because the debtor failed to file required lists, statements, or schedules.  Possibly because these cases were dismissed soon after filing, nothing was filed, either by the debtor, a creditor, or the trustee, indicating that the debtor's home had been foreclosed or was in foreclosure.

• Ms. Richards filed more than one bankruptcy case for four different debtors: she filed two cases for debtor Starr, two for debtor Tracy, three for debtor Dynowski, and two for debtor Ascencion.[3]

Not on the chart are three cases filed by Ms. Richards on behalf of Debtors Hyatt, Rodriquez, and Gutierrez in other districts.

_____

[2]    But see footnote 3 below.

[3]    As discussed below, if cases filed in other districts are included, Ms. Richards has filed multiple cases for seven different debtors.

Ms. Richards filed Case No. 13-14248, a chapter 7 petition, for Debtor Gutierrez in the Central District of California on June 25, 2013.  The case was dismissed on July 26, 2013 because the debtor failed to file all mandatory lists, schedules and statements.  This dismissal was followed by the filing of a second case, this time under chapter 11, in the Eastern District on August 5, 2013.  The chapter 11 case was dismissed on October 3, 2013 on the motion of the United States Trustee.  The debtor failed to schedule all real property assets, file monthly operating reports, provide proof of insurance, and provide copies of financial records to the United States Trustee.

Ms. Richards filed Case No. 15-13055 on behalf of Debtor Hyatt in the Central District of California on September 14, 2015.  That case was dismissed just nine days later when the debtor failed to file a statement of social security number and a master address list.  A second case, Case No. 16-10139, was filed for Debtor Hyatt in the Eastern District on January 21, 2016.  It was dismissed on February 19 when the debtor failed to propose a chapter 13 plan.

Debtor Rodriguez filed a chapter 13 petition, Case No. 13-45399, on September 25, 2013 in the Northern District of California with the assistance of Ms. Richards.  The case was dismissed due to the debtor's failure to file all lists, schedules, and statements.  The Northern District case was filed less than three weeks after Case No. 13-31031 filed in the Eastern District was dismissed because the debtor had failed to

file all lists, schedules, and statements.[4]

IV

Ms. Richards explanation of, and justifications for, her conduct in this case, particularly when evaluated in light of the other cases she filed in this district, do not hold water.

A.    Admission to the Bar of the Eastern District

Ms. Richards maintains that she did not know she was required to be admitted to the bar of this court before practicing in it.  Further, she maintains that no one told her she was required to be a member of the court's bar.

It is difficult to believe that any attorney is unaware of the necessity of being admitted to the bar of a court in which they intend to practice.  Nor does the court believe that this requirement was never brought to Ms. Richards' attention.

Ms. Richards filed documents in this case electronically. In order to be authorized to file electronically, she had to

_____

[4]      Interestingly, document #14 on the docket of the Northern District case, a motion to vacate the dismissal, admits that the case was filed to halt a foreclosure of the debtor's home on September 26, 2013, the day after the case was filed. The chart above indicates that there is nothing on the docket of Eastern District Case No. 13-31031 indicating that the debtor was attempting to halt a foreclosure or eviction.  With the admission made in the Northern District case, this means that 11 of the 14 cases in the Eastern District were filed to stop foreclosures or evictions.

It also is interesting that the motion to vacate the dismissal of the Northern District case indicates that documents were not filed timely because a paralegal in Ms. Richards' office had failed to calendar the filing deadline.  This is reminiscent of the excuse offered in the case now before the court for the failure to appear at the meeting of creditors.

register with the clerk of this court.  The registration process is done over the Internet.  Ms. Richards' registration form was received by the clerk on December 15, 2010.  A copy of it is appended to Docket 97, the court's earlier August 11 Memorandum.

Section 1 of Ms. Richards' registration form advises that an attorney must be a member of the bar of this court in order to file documents electronically.  And, in section 2, "Eligibility", Ms. Richards represented to the clerk that she was "an attorney admitted to the bar of the U.S. District Court for the Eastern District of California and currently [is] in good standing."

The registration form makes clear that in order to file documents electronically, an attorney must be a member of this court's bar, or admitted to it *pro hac vice*, or be exempt from admission.  Hence, even if it somehow escaped Ms. Richards' notice over 35 years of practicing law that admission to the bar of a federal court was necessary before filing a case in it, the registration process clearly informed her of the requirement.

Ms. Richards misrepresented in 2010 that she was a member of this court's bar.  This was untrue when this case was filed, and it was untrue when she filed twelve other cases over a five year period.  Ms. Richards was not admitted to this court's bar until January 14, 2016.

### B.   Failure to Appear at the Meeting of Creditors

Ms. Richards does not deny that she failed to appear at the meeting of creditors.  She claims she was medically unable to appear.  But, if Ms. Richards' evidence is to be believed, this is not the reason for her nonappearance.  She did not appear

11

because her law clerk failed to calendar the meeting.

The court believes none of this.  Neither Ms. Richards nor anyone in her stead ever intended to appear at the meeting because the debtor never intended to prosecute this case, his third in the space of eleven months.  This case was intended only to delay and harass a lender who had foreclosed on the debtor's home.[5]  The debtor's first case was filed to stop the lender's nonjudicial foreclosure and his third case was filed to halt an adverse result in its unlawful detainer action.

This is corroborated by the other cases filed by Ms. Richards in this court.

– Most were not prosecuted and most were filed on behalf of debtors hoping to derail foreclosures and/or evictions.

– Ten of fourteen cases were dismissed prior to the meeting of creditors because schedules, statements, lists and/or a plan were not filed.

– Two more of the fourteen cases were dismissed after the meeting because the debtor and counsel failed to appear at it.

– Ms. Richards or another attorney in her place appeared at the meeting of creditors in only two cases out of fourteen.

– Perhaps most telling is that the fact that no reorganization case filed by Ms. Richards in this court over the last five years has resulted in the confirmation of a

---

[5]    The court previously authored a lengthy written ruling detailing the debtor's bad faith filing of cases in this court to hinder and delay Pennymac Holdings' nonjudicial foreclosure of his home and his later eviction.  See Case No. 14-31822, Docket #57.

plan.

Of course, there is nothing wrong with filing a bankruptcy case that halts a foreclosure or an eviction.  This rises to contumacious conduct when the case is used to hinder, delay, or defraud creditors and without any genuine intent and effort to obtain a discharge and/or reorganize debt.

That is exactly what the debtor was doing in his first and third cases filed with Ms. Richards' help.  These cases were filed on the eve of a foreclosure or an eviction and then the debtor failed to properly prosecute the cases by filing required documents and appearing at the meeting of creditors.  The debtor was hoping to delay his home lender as long as possible by acquiring the automatic stay of 11 U.S.C. § 362(a) without prosecuting the bankruptcy case.

And, as the chart above corroborates, Ms. Richards is all too familiar with this tactic.


### C.   Failure to Disclose Fees

Ms. Richards did not file the fee disclosure required by section 329(a) and Rule 2016(b) because she was paid nothing by the debtor for work in connection with this case.  Assuming this is true, Ms. Richards nonetheless was required to file a disclosure indicating nothing was paid to her.

Section 329(a) and Rule 2016(b) require every debtor's attorney to file a statement of the compensation paid and to be paid for services rendered in connection with the bankruptcy case.  This disclosure must be made with reference to compensation paid or agreed to be paid within the year prior to

the filing of the bankruptcy case or after it is filed.
Disclosure is mandatory and it must continue throughout the case.
See Turner v. Davis, etc. (In re Investment Bankers, Inc.), 4
F.3d 1556 (10th Cir. 1993).

This disclosure permits the court to scrutinize compensation
paid to a debtor's attorney even in the absence of an objection
to it.  The court is charged with insuring that compensation is
reasonable.  See 11 U.S.C. § 329(b).

If an attorney enters into an agreement to file a bankruptcy
case for no compensation, such must be disclosed.  The absence of
a disclosure would only create an ambiguity – did counsel get
paid but fail to make the disclosure, or was counsel representing
the debtor without charge?  There would be no way to determine
what the attorney and the debtor had agreed to without issuing an
order and requiring the parties to appear and explain themselves.

Ms. Richards is in business.  She practices law as a
business.  She does not operate a pro bono legal clinic.

The court does not believe Ms. Richards was paid nothing for
her services in this case.  Ms. Richards represented the debtor
in a state court unlawful detainer action.  Before that action
was filed, she represented him outside of the bankruptcy court in
connection with a nonjudicial foreclosure.  She was paid a fee
for these services.  In fact, the debtor and his partner gave Ms.
Richards a debit card linked to one of their accounts so she
could draw money for her fees.

In the effort to stop the foreclosure and the subsequent
eviction, Ms. Richards filed three bankruptcy cases for the
debtor, including the one now before the court.  Given the

failure to propose a plan, the failure to file schedules and statements, and the failure of an attorney to appear the meeting of creditors, it is a reasonable surmise that this case was filed just to acquire the automatic stay in order to prolong and delay the unlawful detainer action.  Ms. Richards and her client never intended to prosecute this case to its conclusion.

This conclusion is buttressed by the chart above which shows Ms. Richards' repeated misuse of the automatic stay over the last five years.  Whatever this debtor (and the other debtors) paid Ms. Richards, and however it was nominally accounted for by her, it was paid in contemplation of a bankruptcy petition filed to derail or delay a foreclosure and eviction.  When paying Ms. Richards for her services, it was within the fair contemplation of the parties that a bankruptcy case could be filed.  See e.g., In re Gage, 394 B.R. 184, 194 (Bankr. N.D. Ill. 2008). Therefore, full disclosure of that compensation should have been made to this court by Ms. Richards.

Finally, the fact that Ms. Richards ostensibly charged nothing for this bankruptcy case (and eight other cases filed over the last five years in this district) is corroboration for the lack of good faith in filing it.  She had no intention of filing schedules, statements, or a plan, appearing at the meeting, or otherwise prosecuting the case.  It was filed purely to harass the foreclosing creditor and to delay an eviction.

V

The $1,000 sanction assessed against Ms. Richards in the court's August 11 Order was for the conduct described in Part VI

15

of this Memorandum.  That order also directed Ms. Richards to show cause why she should not be sanctioned further for filing this case for the apparent improper purpose of harassing, delaying, and causing unnecessary expense to the debtor's foreclosing home lender.  The Memorandum accompanying the August 11 order included all of the information summarized above concerning the other cases filed by Ms. Richards in this district over the last five years.

After considering her response to the August 11 order, and based on the findings summarized above, the court concludes that clear and convincing evidence establishes Ms. Richards' bad faith and willful misconduct as follows:

1.  Ms. Richards filed this case, and eleven others, without being a member of the bar of this court.  In addition, she appeared in two cases filed in other districts and then transferred them to this district.  When this case was filed, Ms. Richards knew she was not a member of this court's bar and had misrepresented that she was a member of it.

2.  Ms. Richards failed to file a fee disclosure as required by section 329(a) and Rule 2016(b).

3.  This case (and others) was filed without any intention of prosecuting it to conclusion.  It was filed solely to acquire the automatic stay in order to hinder and delay a foreclosure and an eviction.  The court does not believe the assertion by Ms. Richards or the debtor that this case was filed with the genuine purpose of reorganizing the debtor's home loan or other finances.

Therefore, sanctions are appropriate.  See Chambers v. NASCO, Inc., 501 U.S. 32, 42-47 (1991); Caldwell v. Unified

1  <u>Capital Corp. (In re Rainbow Magazine, Inc.)</u>, 77 F.3d 278, 284

2  (9th Cir. 1996); <u>Knupfer v. Lindblade (In re Dyer)</u>, 322 F.3d

3  1178, 1196-1197 (9th Cir. 2003).

4       The court has already assessed \$1,000 in sanctions against

5  Ms. Richards pursuant to its Order to Show Cause of January 28,

6  2016.  <u>See</u> Dockets 34 and 96.  Ms. Richards paid the sanctions on

7  September 1, 2016 and also filed a belated disclosure of

8  compensation on September 15, 2016.  The final issue is whether

9  an additional sanction is appropriate given conclusion 3

10  immediately above.

11       Rather than assess further monetary sanctions, the court

12  will bar Ms. Richards, effective from April 15, 2017, filing new

13  bankruptcy cases or proceedings in the Eastern District of

14  California until she has completed at least four hours of

15  continuing legal education in legal ethics that the State Bar of

16  California approves as meeting standards for Minimum Continuing

17  Legal Education, that is taught by a provider approved by the

18  State Bar, and that is not self-study but a participatory

19  activity for which the provider verifies attendance.  Proof of

20  attendance shall be provided to the clerk of this court when the

21  four hours of education has been completed.

22       A final order shall issue.

23  Dated: February 28, 2017        By the Court

24

25

26                                  _____
                                    Michael S. McManus
                                    United States Bankruptcy Judge

27

28

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

John A Dynowski
7445 Morningside Way
Citrus Heights CA 95621

Jan P. Johnson
PO Box 1708
Sacramento CA 95812

Office of the U.S. Trustee
Robert T Matsui United States
Courthouse
501 I Street, Room 7-500
Sacramento CA 95814

PennyMac Corp
c/o Aldridge Pite, LLP
4375 Jutland Drive #200
PO Box 17933
San Diego CA 92177-0933

Leslie Richards
17337 Ventura Blvd Suite 211
Encino CA 91316

Mark A. Wolff
8861 Williamson Dr #30
Elk Grove CA 95624-7920